Filed 4/21/26  P. v. Seward CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)


| | |
|---|---|
| THE PEOPLE,<br>        Plaintiff and Respondent,<br><br>        v.<br><br>CORNELL SEWARD,<br>        Defendant and Appellant. | C103243<br><br>(Super. Ct. No.<br>STKCRFECOD20160016388) |


Defendant Cornell Seward appeals the denial of his petition for resentencing under Penal Code[1] section 1172.6.  The trial court concluded Seward's admission to a section 12022.53, subdivision (b) enhancement made him ineligible for relief as a matter of law.  Seward contends on appeal that the trial court erred because his record of conviction did not establish that he could be convicted of attempted murder under the current law.  The People concede the record does not establish that Seward is ineligible for relief as a matter of law.  We reverse the order denying Seward's petition and remand for the trial court to issue an order to show cause and conduct further proceedings consistent with section 1172.6.

---

[1]  Undesignated statutory references are to the Penal Code.

1

BACKGROUND

In October 2016, a shooting incident between rival gangs resulted in multiple individuals being shot and wounded. (*People v. Seward* (Feb. 7, 2020, C088094) [nonpub. opn.].)[2] A witness reported hearing about 40 shots being fired. From a photo lineup, the same witness identified Seward as one of the individuals holding a handgun.

A few months later, the People charged Seward and his codefendant, Jesse Corral, with 33 counts and numerous special allegations in connection with the incident. The 33 counts included three counts of attempted premeditated murder and several section 12022.53, subdivision (d) gun enhancements that were filed only against Seward. The People also alleged this would be Seward's third strike under the "Three Strikes" law.

Seward pled no contest to seven counts, including two counts of attempted "non-premeditated" murder. The parties stipulated to the police reports as the factual basis for the plea.

In connection with the two attempted murder counts, Seward admitted two section 12022.53, subdivision (b) enhancements. During the plea colloquy, the trial court asked Seward if he admitted that "in the commission of Count 25 you intentionally and personally discharged a firearm, a handgun, within the meaning of Penal Code section 12022.5." Seward stated, "I admit." The court corrected itself, "I'm sorry, [section ]12022.53[, subdivision] (b). Do you admit that?" Seward responded, "Yes, sir."

As to count 26, the court stated, "And do you further admit that in the commission of that charge by way of amendment you intentionally and personally discharged a firearm within the meaning of Penal Code section 12022.53[, subdivision] (b), as in 'boy' …." Seward responded, "Yes sir."

---

[2] On the court's own motion, we incorporate by reference our unpublished opinion in Seward's prior appeal, *People v. Seward*, *supra*, C088094.

Consistent with the terms of the plea agreement, the trial court sentenced Seward to an aggregate term of 20 years in prison.

On January 23, 2023, Seward filed a petition for resentencing under former section 1170.95, now section 1172.6. Seward asserted (1) the complaint that was filed against him allowed the prosecution to proceed under a theory of murder that included attempted murder under the natural and probable consequences doctrine, (2) that he was convicted of attempted murder pursuant to a plea agreement, and (3) that based on the changes made to sections 188 and 189, he "could not presently be convicted" of attempted murder under current law. He asked the court to appoint counsel to represent him, which it did.

The People filed a response, arguing that Seward failed to establish a prima facie case for relief because his record of conviction showed he was prosecuted as a "direct perpetrator." Specifically, Seward was charged "as the actual perpetrator … of willful, deliberate, premeditated attempted murder with a firearm enhancement" that alleged he personally and intentionally discharged a firearm, causing great bodily injury. The other charges against him also indicate he was prosecuted as the actual perpetrator of attempted murder. Moreover, Seward also admitted to being the actual shooter when he admitted to " 'personally and intentionally' discharging the firearm" in connection with his plea to attempted murder.

In his reply, Seward argued the record of conviction did not exclude the possibility that he was charged and convicted under the natural and probable consequences theory of attempted murder. Further, his no contest plea under *People v. West* (1970) 3 Cal.3d 595 did not bar him from relief as a matter of law because he did not specifically admit to attempted murder. Nor did his admission to a section 12022.53, subdivision (b) enhancement bar him from relief. It was a "legal conclusion in the words of the statute" that did not include any specific facts about the incident.

3

At the hearing, the People focused their arguments on Seward's admission to the section 12022.53, subdivision (b) enhancement for personal use of a firearm. They argued that when he admitted to "intentionally and personally discharging a firearm" in connection with the attempted murder of the victims, he admitted to being the actual shooter, which rendered him ineligible as a matter of law.

Defense counsel countered that Seward did not admit to any specific facts underlying the plea agreement. And determining whether Seward "was the actual shooter is, in fact, fact-finding." As for the gun enhancement, Seward had to admit the enhancement to get the plea deal. Seward admitted "to a legal fiction in order to get the benefit."

In denying Seward's petition, the trial court challenged defense counsel's claim that he did not admit to being the actual shooter when he admitted to personally discharging a firearm: "[W]hen I specifically asked him if he personally discharged a firearm and he said he did it he was lying to the Court." The trial court continued:

"THE COURT: If he had to admit that he actually shot, and when I asked him if he shot, he said he did.

"[Defense Counsel]: Yes, your Honor, I understand, but in order to get that --

"THE COURT: So that would be -- you're saying he lied --

"[Defense Counsel]: He would have to do that.

"THE COURT: You're saying he lied.

"[Defense Counsel]: I am not saying he lied, your Honor.

"THE COURT: Well, you're saying that wasn't truthful. So it's either when I asked him either you told the truth or you lied, which was it?

"[Defense Counsel]: I am saying he plead out to a legal fiction in order to get the benefit --

"THE COURT: I'm sorry, there is no evidence of that. The Court is denying his motion."

Seward timely appealed.

## DISCUSSION

Seward contends the trial court erred when it denied his petition at the prima facie stage because the record did not conclusively show he could not have been prosecuted for attempted murder under the natural and probable consequences doctrine. Seward further contends that his admission to the two section 12022.53, subdivision (b) enhancements does not conclusively demonstrate that he was a sole perpetrator, and, therefore, ineligible for relief as a matter of law.

The People concede the trial court erred in denying the petition because the record of conviction did not support the court's conclusion that Seward was ineligible for relief as a matter of law. Specifically, in his plea colloquy, Seward did not admit facts or a specific theory of attempted murder liability that would make him ineligible for relief. For the reasons we explain below, we will accept the People's concession.

A. *Applicable Legal Principles and Standard of Review*

Historically, sections 188 and 189 allowed the prosecution and conviction of a defendant for attempted murder under the natural and probable consequences doctrine. (*People v. Estrada* (2024) 101 Cal.App.5th 328, 335, 336.) The natural and probable consequences doctrine, which Seward focuses on in his appeal, allowed prosecution of a defendant for attempted murder based on a theory that the defendant aided and abetted a crime where murder was a natural and probable consequence. (*Id*. at p. 336.)

Effective 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437) amended sections 188 and 189 "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Under the amended law, malice cannot " 'be imputed to a person based solely on his or her participation in a crime.' " (*People v. Rivera* (2021) 62 Cal.App.5th 217, 227.) In addition to amending sections 188 and 189,

Senate Bill No. 1437 created a procedural mechanism, now codified in section 1172.6 but previously found in section 1170.95, for individuals convicted of murder under the former versions of sections 188 and 189 to petition the trial court for resentencing. (*People v. Patton* (2025) 17 Cal.5th 549, 558 (*Patton*).)

Two years later, Senate Bill No. 775 (2021-2022 Reg. Sess.) (Senate Bill No. 775) expanded section 1172.6 relief to individuals convicted of attempted murder under the natural and probable consequences doctrine and manslaughter. (Stats. 2021, ch. 551, § 2; *People v. Estrada*, *supra*, 101 Cal.App.5th at p. 335.) Thus, in its current form, section 1172.6 also applies to individuals who pleaded guilty to attempted murder and would have been subject to prosecution for attempted murder under the natural and probable consequences doctrine. (§ 1172.6, subd. (a).)

To be eligible for relief under section 1172.6, a defendant must make a prima facie showing that (1) the complaint or information allowed the People to prosecute the defendant for attempted murder under the natural and probable consequences doctrine; (2) the defendant was convicted of attempted murder or entered a plea to attempted murder, and (3) the defendant could not presently be convicted of attempted murder under the current versions of sections 188 or 189. (§ 1172.6, subd. (a); *Patton*, *supra*, 17 Cal.5th at p. 558.)

The trial court's prima facie inquiry is limited. (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).) The court must accept the defendant's allegations as true and assess whether the defendant would be entitled to relief if the allegations were true. (*Ibid*.) If the defendant makes a prima facie showing, the court must issue an order to show cause and hold an evidentiary hearing where the People must prove beyond a reasonable doubt that the defendant could be convicted of attempted murder under the current versions of section 188 or 189. (§ 1172.6, subds. (c), (d); *Patton*, *supra*, 17 Cal.5th at p. 559.)

6

A trial court may deny a resentencing petition at the prima facie stage only if the petitioner is ineligible for relief as a matter of law. (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101 (*Ervin*).) In making its determination, the court may examine the record of conviction. (*People v. Strong* (2022) 13 Cal.5th 698, 708.) At this stage, the court should not reject the factual allegations in the defendant's petition on credibility grounds or engage in factfinding by weighing the evidence or exercising its discretion. (*Lewis*, *supra*, 11 Cal.5th at p. 972.) If the record of conviction contains facts that conclusively refute allegations in the defendant's petition, however, the court may make credibility findings adverse to the defendant and deny the petition. (*Id*. at p. 971.)

At this stage of the proceedings, a trial court's determination that a defendant is ineligible for relief is a purely legal conclusion, which we review de novo. (*Ervin*, *supra*, 72 Cal.App.5th at p. 101.)

B.     *Analysis*

In his petition, Seward asserted (1) the complaint that was filed against him allowed the prosecution to proceed under a theory of murder that included attempted murder under the natural and probable consequences doctrine, (2) that he was convicted of attempted murder pursuant to a plea agreement, and (3) that based on the changes made to sections 188 and 189, he "could not presently be convicted" of attempted murder under current law.

We conclude Seward made a prima facie showing that he was eligible for relief. (*Ervin*, *supra*, 72 Cal.App.5th at p. 101.)

The People charged Seward with two counts of "attempted murder, non-premeditated." This generic attempted murder charge did not include a specific theory, allowing the prosecution to pursue any theory of liability, including one under the natural and probable consequences doctrine. (*People v. Eynon* (2021) 68 Cal.App.5th 967, 978.)

7

More importantly, in pleading no contest to the amended counts of attempted murder, Seward did not plead to a theory of liability that would preclude section 1172.6 relief. Specifically, he did not admit malice or that he held an intent to kill any of the victims, elements required under the current version of section 188. (*People v. Offley* (2020) 48 Cal.App.5th 588, 595 (*Offley*).)

Nor does the record of Seward's conviction conclusively refute his allegation that he could not be convicted of attempted murder under current law. (*Lewis*, *supra*, 11 Cal.5th at p. 971.) When a defendant enters a plea, the record of conviction includes the facts about the offense " 'the defendant admitted as the factual basis for a guilty plea.' " (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211-1212, quoting *People v. Gallardo* (2017) 4 Cal.5th 120, 136.)

Here, Seward's plea colloquy does not establish that he admitted any specific facts about the attempted murder charges that conclusively eliminated the natural and probable consequences doctrine as a theory of liability. He did not admit shooting the victims or being the sole perpetrator of the shooting. (See, e.g., *People v. Fisher* (2023) 95 Cal.App.5th 1022, 1028-1029 [the defendant's admission to being sole perpetrator and to shooting and killing victims rendered him ineligible for relief].)

Furthermore, the police reports to which the parties stipulated as the factual basis do not establish that Seward was either the actual shooter or the sole perpetrator. (*People v. Eynon*, *supra*, 68 Cal.App.5th at pp. 977-978.) The reports show the October 2016 incident involved rival gangs with multiple shooters. And although a witness identified Seward as a person holding a gun, no one reported witnessing Seward shoot anyone or firing a gun during the incident.

Seward's admission to the gun enhancement does not change our conclusion because the admission to the enhancement does not establish Seward acted with the required intent for attempted murder under the new law. (*Offley*, *supra*, 48 Cal.App.5th at p. 598.)

During the plea colloquy, the trial court misstated the language of the section 12022.53, subdivision (b) enhancement, which imposes a 10-year term and requires an admission that Seward personally used a firearm. Instead, the court recited the language of the 20-year enhancement in subdivision (c), which requires an admission that Seward personally and intentionally discharged a firearm. (§ 12022.53, subd. (c).) Despite this misstatement, the record of conviction shows Seward admitted to, and received, the 10-year enhancement under subdivision (b), not the 20-year enhancement under subdivision (c). Seward's admission to personal use of a firearm could be an admission that he displayed or brandished the firearm during the October 2016 incident. (*People v. Jones* (2003) 30 Cal.4th 1084, 1120.) Such an admission would be consistent with the report of one eyewitness.

As the People also acknowledge, even if we were to accept that Seward admitted personally and intentionally discharging the firearm, that admission does not establish that he acted with malice aforethought. (*Offley*, *supra*, 48 Cal.App.5th at p. 598.) As such, the admission does not exclude the natural and probable consequences doctrine as a theory of liability. (*Id*. at p. 599.) Therefore, it would not render Seward ineligible for relief as a matter of law. (*Ibid*.)

For these reasons, we accept the People's concession that Seward is not ineligible for relief as a matter of law. Because neither the plea nor the record of conviction refuted Seward's eligibility for relief, the trial court erred in denying his petition at this stage of the proceedings. (*Lewis*, *supra*, 11 Cal.5th at pp. 971-972; *Ervin*, *supra*, 72 Cal.App.5th at p. 101.)

## DISPOSITION

We reverse the trial court's order denying Seward's section 1172.6 petition and remand the matter with directions for the trial court to issue an order to show cause and conduct further proceedings under section 1172.6, subdivisions (c) and (d).

/s/

BOULWARE EURIE, J.

We concur:

/s/

ROBIE, Acting P. J.

/s/

FEINBERG, J.

10